[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON [DEFENDANT'S] MOTION FOR MODIFICATION OF CHILD SUPPORT #125
The defendant requests the court modify his post-majority child support due to a substantial change in his circumstances. The plaintiff filed an objection raising the issue of the court's jurisdiction to modify an order for post-majority support in the absence of an agreement permitting modification. Neither party produced evidence and they agreed to submit the issue to the court on briefs.
The marriage of the parties was dissolved on January 28, 1986; a stipulation dated January 24, 1986, was incorporated in the decree. The parties had one child, born December 16, 1979. In the stipulation the defendant agreed to pay child support in the original amount of $40 per week. The parties also agreed that child support shall continue until the death or marriage of the child. The stipulation does not contain any provision which permits modification of the post majority support obligation. The defendant also agreed to pay for the child's college education. In 1992 the child support obligation was modified to $200 per week. The child is now 22 years old.
The Appellate Court in the case of Miner v. Miner, 48 Conn. App. 409
(1998) held that a trial court does not have jurisdiction to modify a post majority support order absent a written agreement giving it power to modify the order. The defendant has not provided, and the court has not found, any authority which persuades the court that Miner does not apply to this case.
Based on the holding in Miner, the court concludes that it does not have jurisdiction to act on the defendant's motion to modify. Practice Book § 10-33 applies.
The motion is dismissed.
Domnarski, J.